# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ANDRE BERRY | § |
| | § |
| V. | §     CASE NO. 4:12-CV-00126-RAS-DDB |
| | § |
| COMMISSIONER OF SOCIAL | § |
| SECURITY ADMINISTRATION | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on January 9, 2009, claiming entitlement to disability benefits due to a heart condition, a brain injury, and high blood pressure. Plaintiff's application was denied initially and was denied his request for reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on April 7, 2011. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff; his ex-wife, Camilla Berry; and the ALJ's vocational expert, Julia Crume, testified.

On May 5, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff has not been under a disability within the meaning of the Social Security Act. Plaintiff requested Appeals Council review, which the Appeals Council denied on January 6, 2012. Therefore, the January 6, 2012 decision of

the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act, and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's hypertensive cardiomyopathy is considered "severe" based on the requirements in the Regulations. 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: he can lift and carry up to 20 pounds occasionally and 10 pounds frequently; he can sit, stand, and walk about six hours in an eight-hour workday; he is limited to no climbing ropes, ladders, or scaffolds, no work at heights, and no work with hazardous machinery; his reading, writing, and math is at a sixth grade maximum level; and he cannot perform work that involves complex instructions.

7. The claimant's limited reading, writing, and calculating skills prevent him from performing his past relevant work. 20 C.F.R. § 404.1565.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(g).

(Tr. 19-26).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff has filed his complaint *pro se.* In his complaint, he states that the ALJ looked over the medical evidence, questioned the credibility of his ex-wife caregiver and failed to take into account the occupational therapist testimony. He was represented by counsel at hearing, and, when the unfavorable decision was issued, counsel appealed to the Appeals Council on two grounds. The ALJ did not question the credibility of Ms. Thornton. However, for very good reasons, the ALJ found Plaintiff not to be credible. A review of the transcript certainly backs up the ALJ's assessment.

The ALJ has the responsibility to evaluate the credibility of witnesses, *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002), and "credibility conclusions are 'precisely the kinds of determinations that the ALJ is best positioned to make.'" *Spruill v. Astrue*, 299 F. App'x 356, 358 (5th Cir. 2008) (quoting *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir. 1994)). Thus, the ALJ's credibility evaluation is entitled to considerable deference by this Court. *McKnight v. Astrue,* 340 F. App'x 176, 181 (5th Cir. 2009); *Bedford v. Astrue,* 236 F. App'x 957, 962 (5th Cir. 2007); *Newton,* 209 F.3d at 459. The ALJ's explanation of his reasons for finding plaintiff not entirely credible is all that is required. *Spruill,* 299 F. App'x at 358; *Bedford,* 236 F. App'x at 962; *Falco,* 27 F.3d at 163–64; *Godbolt v. Apfel,* No. 98–1680, 1999 WL 179476, at *9 (E.D. La. 1999); *accord James J. Flanagan Stevedores, Inc. v. Gallagher,* 219 F .3d 426, 430 & n. 8 (5th Cir. 2000) (citing *Falco,* 27 F.3d at 163).

The ALJ gave his reasons, and, as stated, even a precursory review of the transcript backs the ALJ's conclusion. For example, Plaintiff's contradictory statements to administrative officials and the Dallas Cooperative Disability Investigations (CDI) Unit officials supports to ALJ's credibility finding. Tr. 20-21, 24.

As to Plaintiff's complaints concerning the occupational therapist, the Court cannot garner what he is referring to in his complaint. When questioned by the ALJ, the VE testified that, given the limitations acknowledged by the ALJ, Plaintiff could work as a garment sorter, silver wrapper, and a sandwich board carrier. Therefore, there was substantial evidence to support the ALJ's finding at step five.

Although not addressed by Berry, the Commissioner addressed other points brought out in the Appeals Council Review. First, the Commissioner refers to a one-time exam done by Julian Duncan, Ph.D., in 2010 which stated that Berry was unable to work and that his primary diagnosis was dementia. Dr. Duncan specifically stated that she had not provided care for Berry. Because she did not provide care to Plaintiff and saw him only once, her opinion lacks the longitudinal perspective that would qualify her as a treating physician. *See generally Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). The ALJ gives her opinion no weight and gives his reasons for doing so. There is no error.

In his appeals brief, Plaintiff also complained that the ALJ did not base his step two finding on the correct severity standard. Here, the ALJ specifically cited to *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). He found that Plaintiff had a severe impairment of hypertensive cardiomyopathy. The ALJ properly found that there was no objective evidence to support a determination of bipolar disorder or brain injury rising to the level of a severe impairment. The ALJ considered all of the evidence of record, including the report of the state agency psychologist, Dr. Schlade, who found no established medically determinable mental impairment. *See* Ex. 21F.

Early on in the process, an ALJ decides whether an *alleged* impairment is an impairment at all within the specialized meaning of that term. If not, there is no error in failing thereafter to mention or analyze it further. *Domingue v. Barnhart,* 388 F.3d 462, 463 (5th Cir. 2004). The burden

is on the claimant to show a severe impairment at step 2. *See Hames v. Heckler*, 707 F2d 162, 165 (5th Cir. 1983). The ALJ notes that, after a diagnosis of bipolar disorder, Plaintiff failed to show up for several follow-up consultations. There were simply too many other records and evidence available to the ALJ demonstrating that Plaintiff was not disabled and was not credible in his testimony and actions. No further evaluation is necessary or warranted.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE